**Attorney No. 40473**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT ILLINOIS
## EASTERN DIVISION

IN RE:  THE MATTER OF )
)
FERNANDO PEDROZA, ) No. 94-C-3774
)
Petitioner )
)

## ORDER

THIS CAUSE coming for consideration of the unopposed petition of 321 Henderson

Receivables Limited Partnership ("Henderson") this Court finds as follows:

1.      The transfer of the structured settlement proceeds (the "Factored Payment") by

Fernando Pedroza ("Mr. Pedroza") to Henderson as described in the petition in this matter (the

"Proposed Transfer") (i) does not contravene any federal or state statute or the order of any court

or responsible administrative authority and (ii) is in the best interest of Mr. Pedroza, taking into

account the support of Mr. Pedroza's dependents, if any, pursuant to ILL. COMP. STAT. 215 §

153/15(2004).

2.      Pursuant to ILL. COMP. STAT. 215 §§ 153/1 (2004) *et seq.*, the Court expressly

finds that Henderson timely provided Mr. Pedroza with a separate Disclosure Statement setting

forth:

> a)  the amounts and due dates of the structured settlement payments to be
>     transferred
>
> b)  the aggregate amount of such payments.

    c) the discounted present value of the payments to be transferred, which was identified as the "calculation of current value of the transferred structured settlement payments under federal standards for valuing annuities" and the amount of the applicable federal rate used in calculating such discounted present value;

    d) the gross advance amount;

    e) an itemized listing of all applicable transfer expenses, other than attorney's fees and related disbursements payable in connection with Henderson's application for approval of the transfer, and Henderson's best estimate of the amount of any such fees and disbursements;

    f) the net advance amount;

    g) the amount of any penalties or liquidated damages payable by Mr. Pedroza in the event of any breach of the Transfer Agreement by Mr. Pedroza; and

    h) a statement that Mr. Pedroza had the right to cancel the Transfer Agreement without penalty or further obligation, not later than the third business day after the date the agreement was signed by Mr. Pedroza .

3.    Mr. Pedroza has been advised in writing by Henderson to seek independent

professional advice regarding the Proposed Transfer and has received such advice or knowingly

waived such advice in writing.

4.    The Proposed Transfer satisfies all of the requirements of the ILL. COMP. STAT.

215 §§ 153/1 *et seq.,* and the transfer does not contravene any applicable statute, or the order of

any court or other government or administrative authority, including TEX. CIV. PRAC. & REM.

CODE §§ 141.001(2004) *et seq.;*

    IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

    Pursuant to . COMP. STAT. 215 §§ 153/1(2004) *et seq.,* the assignment by Mr. Pedroza, to

Henderson, of all of his right, title, and interest in and to a certain payment is hereby APPROVED.

It is further, ORDERED that annuity issuer, American General Life Insurance Company ("AGLIC"), is hereby directed, on the date set forth therein, to deliver and make payable to Henderson, a certain payment due under policy no. 400,302 (the "Annuity"), as follows:

**a payment of $34,500.00, due April 1, 2011**
**(the "Factored Payment").**

The Factored Payment shall be delivered to the following address:

**321 Henderson Receivables Limited Partnership**
**P.O. Box 7780-4244**
**Philadelphia, Pennsylvania, 19182-4244**
**(the "Designated Address").**

It is further, ORDERED that Henderson its affiliates and successors in interest, shall defend, indemnify and hold harmless AGLIC and the structured settlement obligor, American General Annuity Service Corporation ("AGASC"), and their successors and assigns, parents, affiliates, and subsidiaries, from and against any and all liability from all claims in connection with, related to, or in any way arising out of the issuance of the Factored Payment to Henderson, whether such claims are brought by Mr. Pedroza (including his heirs and/or executors), by any individual or entity to which Henderson subsequently assigns or transfers the Factored Payment or any portion thereof, or by any other individual or entity.

It is further ORDERED that if to the extent that, prior to the issuance of the Factored Payment, Henderson fails to honor the indemnification and defense obligations set forth hereinabove, after presentation of documentation describing in reasonable detail the related liability of AGLIC and/or AGASC, AGLIC and/or AGASC, in addition to all other remedies afforded by law, may withhold to their own credit the Factored Payment.

It is further, ORDERED that neither the fact of the entry of this Order, nor any term or action taken hereunder, shall be admissible at any time in any action or proceeding for any purpose, except if required in connection with the enforcement of any party's rights hereunder.

It is further, ORDERED that Henderson is authorized by this Order to make subsequent assignments or transfers of the Factored Payment, except that regardless of any such subsequent assignment or transfer, the Factored Payment will be serviced by Henderson. In other words, the Factored Payment will be made from AGLIC to Henderson at the Designated Address only, regardless of any subsequent transfer or assignment of the Factored Payment. In the event that Henderson is merged with or acquired by another person or entity, such that Henderson ceases to exist, the Factored Payment shall be sent directly to that person or entity.

It is further, ORDERED that AGASC and AGLIC are hereby discharged from all liability for the Factored Payment and portions thereof transferred as to all parties except Henderson. This Order is entered without prejudice to the rights of AGASC and AGLIC, and the Court makes no finding regarding the enforceability of any anti-assignment provisions contained in the original Settlement Agreement, Annuity, or related documents. This Order in no way modifies or negates the ownership or control over the underlying annuity contract by AGASC and AGLIC.

It is further, ORDERED that the death of Mr. Pedroza prior to the due date of the last Factored Payment shall not affect the transfer of the Factored Payment from Mr. Pedroza to Henderson, and Mr. Pedroza understands he is giving up his right, and the rights of his heirs and/or successors, to the Factored Payment.

*IT IS FURTHER ORDERED THAT FERNANDO PEDROZA IS TO RECEIVE A LUMP SUM CASH PAYMENT IN THE AMOUNT OF $13,940.00.*

IT IS SO ORDERED THIS _15_ day of November, 2005

_Charles P. Kocoras_
Judge

Guy Delson Geleerd, Jr.
COUGHLIN & GELEERD, LLC
30 NORTH La Salle Street - Suite 3400
Chicago, IL 60602
312-960-0007